## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE FRANK JACKSON,<br>    ID # 1931429,<br>        Petitioner, | )<br>)<br>)<br>) | |
| vs. | ) | No. 3:18-CV-229-B-BH |
| | ) | |
| DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the amended *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on February 16, 2018 (doc. 6). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice.

### I.   BACKGROUND

Willie Frank Jackson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his May 15, 2014 conviction and sentence in the 354th Judicial District Court of Hunt County, Texas, under 28 U.S.C. § 2254. (*See* doc. 6 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.   State Court Proceedings**

In September 2013, Petitioner was indicted for aggravated robbery with a deadly weapon in Case No. 29295 in the 354th Judicial District Court of Hunt County, Texas. (doc. 42-14 at 9,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

108.) On December 12, 2013, the prosecution filed a notice of intent to enhance the punishment range for the charged offense with prior felony convictions. (*See id.* at 21.) The notice had four enhancement paragraphs, which respectively alleged that Petitioner had prior felony convictions from 1979, 1988, 1991, and 2003. (*See id.*) Petitioner pleaded not guilty to the charged offense and proceeded to a jury trial in May 2014. (*See id.* at 107; doc. 42-24 at 7-8.) On May 14, 2014, a jury found him guilty, found that three of the enhancement paragraphs were true, and sentenced him to 90 years' imprisonment in the TDCJ-CID. (*See* doc. 42-14 at 94, 102-03, 108.) His conviction and sentence were affirmed on appeal. (*See* doc. 42-3); *Jackson v. State*, No. 06–14–00097–CR, 2015 WL 2376319 (Tex. App.—Texarkana May 15, 2015, pet. ref'd).

The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR). *See Jackson v. State*, No. PD-0699-15 (Tex. Crim. App. Sept. 16, 2015). His state habeas application, signed on April 14, 2016, and received by the trial court on April 19, 2016, was denied without written order by the Texas Court of Criminal Appeals on July 13, 2016. (*See* doc. 42-36; doc. 42-41 at 4-29); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016).

**B.      Substantive Claims**

Petitioner filed his original § 2254 petition and memorandum in support on January 30, 2018. (*See* docs. 3-4.) He filed an amended § 2254 petition and memorandum in support on February 16, 2018. (*See* docs. 6-7.) The amended § 2254 petition raises the following grounds:

(1) The evidence is legally insufficient to prove beyond a reasonable doubt [Petitioner] committed aggravated robbery by use of deadly weapon against the victim in cause 29295;

(2) Trial court errered [sic] by allowing [Petitioner] to be restraint [sic] during trial;

(3) [Petitioner] was denied effective assistance of counsel, where counsel failed to conduct an independent investigation into case, preventing her from adequately preparing a defense;

    (4)    Counsel deficient performance, failing to challenge the fundamental defective indictment, denied client effective assistance of counsel, by neglecting to assist a legal matter owed;

    (5)    Court appointed attorney was ineffective assistance of counsel, by failing to object to jury charge on aggravated robbery permitting conviction on a theory not alleged in the indictment;

    (6)    Counsel denied effective assistance of counsel, when counsel failed to object to improper jury instruction, that misdirect [sic] jury in the law;

    (7)    Counsel ineffectiveness, where counsel failed to object to the way in which jury was selected and failed to select a racially unbiased jury;

    (8)    Counsel was ineffectiveness [sic], by failing to object to prosecution withholding exculpatory and impeachment evidence favorable to accused upon request;

    (9)    Counsel was ineffective failing to conduct an investigation and interview, by seeking medical expert consultation of certain physical evidence;

    (10)    Counsel was ineffective by failing to object to the court's charge that contained certain abstract principles governing the law of aggravated robbery.

(doc. 6 at 6-9.) After the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) reversed the denial of the petition as time-barred and remanded the case, Respondent filed a response on July 16, 2021. (*See* docs. 27-28, 41.) Petitioner did not file a reply.

## II.    APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that

4

the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III.   SUFFICIENCY OF EVIDENCE

In his first ground, Petitioner contends that the evidence was "legally insufficient to prove

5

beyond a reasonable doubt [Petitioner] committed aggravated robbery by use of deadly weapon against the victim[.]" (doc. 6 at 6.) He raised this claim on direct appeal and in his state habeas application. (*See* doc. 42-41 at 9-10); *Jackson*, 2015 WL 2376319 at *1-2. The claim was rejected on direct appeal, and it was denied by the state habeas court when the Texas Court of Criminal Appeals denied the application. (*See* doc. 42-36); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016); *Jackson*, 2015 WL 2376319 at *2.

    Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province" of the trier of fact. *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

    The state intermediate appellate court held that the evidence was sufficient to support Petitioner's conviction:

6

>The record indicates that [the victim] was visiting a friend at an apartment complex in Greenville on the evening of the robbery. [The victim] left the apartment complex around 7:00 p.m. to go to a convenience store. [The victim] returned to the apartment complex a short time later, parked his truck, and noticed that [Petitioner] was walking toward him. [Petitioner] was wearing an oven mitt which concealed a gun. After striking [the victim] in the face, [Petitioner] pointed the gun directly at [the victim's] head and pulled the trigger. The gun merely clicked. Petitioner told [the victim], who was seated in the driver's seat of his truck with the door open, "[T]hat one's free....You better move." [The victim] did not understand what [Petitioner] wanted. At that point, [Petitioner] shot [the victim] in the lower leg. [Petitioner] again demanded that [the victim] move. [The victim] got out of the truck and began to trot off, falling after about thirty feet. After [the victim] fell, he saw [Petitioner] standing over him with the gun pointed at his face. When [Petitioner] asked [the victim] where his wallet was, [the victim] told him it was in the console of his truck. [The victim] then saw [Petitioner] rummaging through his truck, after which [Petitioner] began to walk away from the truck. [The victim] was able to make his way back to his friend's apartment, where he told the friend of his encounter with [Petitioner] and cleaned his leg wounds. [The victim], believing his wounds were not serious, bandaged his leg and then asked his friend to find out what was missing from his truck.
>
>The following day, [the victim] returned to the apartments to check on his truck and discovered that the truck keys were missing. [The victim's] wallet was not in the truck, nor was a .22 caliber Stinger hand gun he kept in the console. After walking in the general direction of [Petitioner's] route of departure on the previous day, [the victim] found his wallet lying on the ground. He discovered, though, that forty dollars was missing from the wallet. After reporting the crime to the police, [the victim] went to the hospital.

*Jackson*, 2015 WL 2376319, at *1-2. It concluded that considering the facts in the light most favorable to the guilty verdict, "a rational jury could have found, beyond a reasonable doubt the elements of aggravated robbery." *Id.* at *2.

To the extent Petitioner argues that the evidence does not support the elements for aggravated robbery, his claim is without merit. (*See* doc. 7 at 4-6.) In Texas, the offense of aggravated robbery is committed if a person "commits robbery as defined in Section 29.02, and he: (1) causes serious bodily injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily

7

injury or death, if the other person is (A) 65 years of age of older; or (B) a disabled person."[3] Tex. Pen. Code § 29.03. Considered in the light most favorable to the verdict, the record shows that Petitioner hit and shot the victim with a gun, and stole the victim's wallet, money, and firearm, which is sufficient to satisfy the elements of aggravated robbery. *See Jackson*, 2015 WL 2376319, at *1-2. Accordingly, he has not shown that the state court's finding on the sufficiency of the evidence to support his conviction was unreasonable. He is not entitled to § 2254 relief on this claim, and it should be denied.

## IV.    RESTRAINTS AT TRIAL

In his second ground, Petitioner contends that the trial court erred "by allowing [him] to be restraint [sic] during trial." (doc. 6 at 6.) He claims that "the trial court abused its discretion allowing [P]etitioner to be tried in Electronic Immobilization System (Stun Belt). And allowed the jury to see [P]etitioner in physical restraints (Stun Belt)." (doc. 7 at 12; *see also id.* at 13.) He raised this claim on direct appeal and in his state habeas application. (*See* doc. 42-41 at 11-12); *Jackson*, 2015 WL 2376319, at *2-4. The claim was overruled on direct appeal, and it was denied by the Texas Court of Criminal Appeals when Petitioner's state habeas application was denied. (*See* doc. 42-36); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016); *Jackson*, 2015 WL 2376319, at *4. Respondent contends that the claim is procedurally defaulted and without merit. (*See* doc. 41 at 15-17.)

---

[3] Section 29.02 of the Texas Penal Code provides that a person commits robbery

> if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
> (1)  intentionally, knowingly, or recklessly causes bodily injury to another; or
> (2)  he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Pen. Code § 29.02(a).

8

When a claim was dismissed by a state court pursuant to an independent and adequate state procedural rule, federal habeas review of that claim is barred unless the prisoner can establish either cause for the default as well as actual prejudice resulting from the alleged violation of federal law, or that the failure to consider the claims would result in a fundamental miscarriage of justice, which requires the petitioner to establish that he is actually innocent of the offense. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris v. Reed,* 489 U.S. 255, 262 (1989); *Roberts v. Thaler*, 681 F.3d 597, 605 (5th Cir. 2012). To satisfy the independent and adequate requirements, the dismissal of a claim "must 'clearly and expressly' indicate that it rests on state grounds which bar relief, and the bar must be strictly and regularly followed by state courts, and applied to the majority of similar claims." *Finley v. Johnson,* 243 F.3d 215, 218 (5th Cir. 2001) (citing *Amos v. Scott,* 61 F.3d 333, 338-39 (5th Cir. 1995)).

The Texas Court of Criminal Appeals has ruled that an objection at trial is needed to preserve even constitutional errors for appellate review. *See Allridge v. State,* 850 S.W.2d 471, 479, 486 (Tex. Crim. App. 1991) (en banc). The Fifth Circuit has held that the "Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." *Jackson v. Johnson,* 194 F.3d 641, 652 (5th Cir. 1999) (citation and internal quotation marks omitted).

On direct appeal, Petitioner "complain[ed] of trial court error in failing to make specific findings on the record to justify imposition of the restraint at trial… [and] that, because the jury was able to see that he was wearing an electronic restraint, he is entitled to a new punishment trial." *Jackson*, 2015 WL 2376319, at *2. The state intermediate appellate court rejected the claim and determined that Petitioner failed to preserve the claim for appellate review because he "did not object to the use of the electronic restraint at any point during the trial." *Id.* at *3. It held:

9

> The record here does not contain an explicit description of the reasons for the electronic restraint. The record likewise does not indicate—assuming the restraint was visible to the jury when [Petitioner] removed his shirt—that the jury perceived the device as an electronic restraint. These particulars are missing because [Petitioner] did not object. Consequently, the issue has not been preserved for our review and is therefore overruled.

*Id.* at *4 (footnote omitted). Because it was denied at the state level on the basis of an independent and adequate state ground, the claim is barred from federal habeas review, unless Petitioner can show either cause and prejudice, or that the failure to consider the claim on the merits would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner has not shown cause and prejudice for this default or a fundamental miscarriage of justice, and this claim is procedurally barred from federal review.[4]

## V.   INEFFECTIVE ASSISTANCE OF COUNSEL

In his third through tenth grounds, Petitioner claims that he received ineffective assistance of trial counsel. (*See* doc. 6 at 7-9.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient

---

[4] The state intermediate appellate court also stated that even if Petitioner "had preserved this complaint for our review and error was determined to have occurred, it is unlikely [Petitioner] was prejudiced." *Jackson*, 2015 WL 2376319 at *4 n.2. It noted that the event of which Petitioner complained occurred during the penalty phase of the case, when the presumption of innocence no longer applied, that the penalty phase involved four prior felony convictions and Petitioner pleaded true to three of them, and that the three convictions to which he pleaded true were sufficient to enhance his punishment range as a habitual offender. *See id.* Based on the presumption that the state habeas court adopted the same reasoning as the intermediate state appellate court on this claim when it denied his application, Petitioner has not shown that the state court's rejection of this claim was unreasonable. *See, e.g., Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Accordingly, even if the claim was not procedurally barred from federal review, it does not entitle Petitioner to § 2254 habeas relief and should be denied.

and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.**     **Investigation**

In his third and ninth grounds, Petitioner contends that counsel failed to conduct "an independent investigation into case" and "an investigation and interview, by seeking medical expert consultation of certain physical evidence," respectively. (doc. 6 at 7, 9.) He claims that counsel "failed to interview any of the defensive witnesses (alibi witnesses) [P]etitioner request [sic] of her," and argues that counsel "made no effort to defend or support client's innocence by way of investigating and interviewing or calling alibi witnesses to testify in the defense of client."

(doc. 7 at 13-14.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. To establish ineffective assistance of counsel based on a failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Additionally, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985) ("In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial.").

Here, Petitioner claims that "[i]f counsel would [sic] investigated and interviewed [P]etitioner's alibi witnesses she would of [sic] discovered that [P]etitioner was well over 60 miles away from the alleged crime scene[ ] victim alleged he was robbed [ ] on the alleged time date and location." (doc. 7 at 13.) He fails to identify any witnesses, show that they were available to testify and would have done so, set out the content of their proposed testimony, and show that the testimony would have been favorable to a particular defense, however. Regarding his claim that counsel was ineffective for failing to obtain "medical expert consultation of certain physical

evidence," Petitioner fails to identify the physical evidence for which counsel should have obtained a medical expert consultation, explain what investigation could have been conducted on the physical evidence, and what evidence any such investigation would have revealed. (doc. 6 at 9.) He also fails to identify a medical expert witness who could have testified for the defense, set out the proposed testimony of any defense medical expert witness, and show that any such testimony would have been favorable. Accordingly, he has not shown that counsel's performance was deficient, or resulting prejudice under *Strickland*.

Petitioner has not shown that counsel rendered ineffective assistance in her investigation of the case, or that the state court's rejection of these claims was unreasonable. Accordingly, the claims should be denied.

**B.     Indictment**

In his fourth ground, Petitioner contends that counsel was ineffective for "failing to challenge the fundamental defective indictment[.]" (doc. 6 at 7; *see also* doc. 7 at 9-11.) He raised this claim in his state habeas application, and the Texas Court of Criminal Appeals denied the claim when it denied the application. (*See* doc. 42-36; doc. 42-41 at 15-16); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016).

"[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander,* 775 F.2d at 598 (internal quotation marks and citation omitted). Federal courts, nevertheless, will not consider claims that a state indictment is insufficient to confer jurisdiction upon the trial court when the sufficiency of the indictment "was squarely presented to the highest court of the state," and it can reasonably be inferred that that court passed on the merits of the sufficiency issue. *Id.* (internal quotation marks and citation omitted). They do not sit in

review of a state court's interpretation of its own law. *See Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995).

Petitioner's challenge to the sufficiency of the indictment was raised in the state habeas proceedings, and the Texas Court of Criminal Appeals denied his state habeas application. *See Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016). In so doing, the state court implicitly found the indictment sufficient, and this Court will not review that implicit finding. *See Alexander,* 775 F.2d at 598-99. Because the indictment was not defective under state law, counsel was not deficient for failing to challenge it. Accordingly, Petitioner has not shown that counsel rendered ineffective assistance, or that the state court's rejection of this claim was unreasonable. The claim should be denied.

**C.     Jury Charge**

In his fifth ground, Petitioner claims that counsel was ineffective "by failing to object to jury charge on aggravated robbery permitting conviction on a theory not alleged in the indictment." (doc. 6 at 8; *see also* doc. 7 at 14.) His tenth ground contends that counsel was ineffective for "failing to object to the court's charge that contained certain abstract principles governing the law of aggravated robbery." (doc. 6 at 9; *see also* doc. 7 at 14.) Petitioner raised these claims in his state habeas application, and they were denied when the Texas Court of Criminal Appeals denied the application. (*See* doc. 42-36; doc. 42-41 at 17-18, 25-26); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016).

***1. Theory of Conviction***

The indictment under which Petitioner was charged identified the charged offense as "aggravated robbery" in Hunt County, Texas, and stated

> THAT ON OR ABOUT THE 21ST DAY OF MAY, 2013, A.D., IN THE
> COUNTY AND STATE AFORESAID, AND BEFORE THE PRESENTMENT

>  OF THIS INDICTMENT [PETITIONER]
>
>  did then and there, while in the course of committing theft and with intent to obtain or maintain control of property, intentionally, knowingly, or recklessly cause bodily injury to [the victim], hereinafter called Complainant, by shooting Complainant in the leg or body;
>
>  Further, a deadly weapon was used or exhibited during the commission of the offense, namely: a firearm[.]

(doc. 42-14 at 9 (emphasis in original).)[5] The jury charge instructed the jury to find Petitioner guilty of aggravated robbery as charged in the indictment if it found "from the evidence beyond a reasonable doubt that on or about May 21, 2013, in Hunt County, Texas, [Petitioner] did then and there, while in the course of committing theft and with the intent to obtain or maintain control of property, intentionally, knowingly, or recklessly cause bodily injury to [the victim], by shooting Complainant in the leg or body and you further find that a deadly weapon, namely: a firearm, was used or exhibited during the commission of the offense[.]" (*Id.* at 91.) The jury found Petitioner "**GUILTY** beyond a reasonable doubt of the offense of aggravated robbery, as charged in the indictment." (*Id.* at 94 (emphasis in original).)

Petitioner's conclusory and unsubstantiated allegation that he was convicted "on a theory not alleged in the indictment" is refuted by the record and without merit. (doc. 6 at 8; *see also* doc. 7 at 14); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Because counsel is not deficient for failing to make

---

[5] Petitioner repeatedly alleges that the indictment failed to charge him for aggravated robbery under Texas law. (*See* doc. 7 at 5-6, 9-12.) The record refutes this allegation and shows that Petitioner was indicted for aggravated robbery under Texas law. (*See* doc. 42-14 at 9); Tex. Pen. Code §§ 29.02(a), 29.03. To the extent he relies on the argument that the indictment failed to charge him with aggravated assault under Texas law to support any of his grounds for relief, it is without merit.

a futile or meritless objection to the jury charge, Petitioner has failed to satisfy the first prong of *Strickland*. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). He also has failed to allege facts or evidence to demonstrate prejudice, i.e., a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner has not shown that counsel rendered ineffective assistance by failing to object to the jury charge as alleged or that the state court's rejection of this claim was unreasonable. The claim should be denied.

### 2. *Abstract Principles*

Petitioner's tenth ground alleges that counsel was ineffective for failing to object to "certain abstract principles" contained in the jury charge about the law of aggravated robbery. (doc. 6 at 9; *see also* doc. 7 at 14.) He does not identify any of these alleged abstract principles, or develop this argument beyond conclusory statements, however. His conclusory allegations are insufficient to show ineffective assistance of counsel, and his claim is without merit. *See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Accordingly, Petitioner is not entitled to relief on this conclusory claim, and he has not shown that the state court's rejection of the claim was unreasonable. The claim should be denied.

**D.** **Jury Instructions**

In his sixth ground, Petitioner contends that counsel was ineffective when she "failed to

object to improper jury instruction, that misdirect [sic] jury in the law." (doc. 6 at 8; doc. 7 at 14.) Petitioner raised this claim in his state habeas application, and it was denied when the Texas Court of Criminal Appeals denied the application. (*See* doc. 42-36; doc. 42-41 at 19); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016).

Petitioner does not develop this argument or identify any alleged improper jury instruction, and he does not identify any legal basis on which counsel could have objected to the jury instructions. Because conclusory allegations are insufficient to show ineffective assistance of counsel, Petitioner's claim is without merit, and he has not shown that the state court's rejection of the claim was unreasonable. He is not entitled to relief on this conclusory claim, and it should be denied.[6]

### E. Jury Selection

In his seventh ground, Petitioner contends that counsel was ineffective "where counsel failed to object to the way in which jury was selected and failed to select a racially unbiased jury." (doc. 6 at 8; *see also* doc. 7 at 14.) He raised this claim in his state habeas application, and it was denied when the Texas Court of Criminal Appeals denied the application. (*See* doc. 42-36; doc. 42-41 at 20); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016).

Petitioner does not specify the objection counsel should have made to the way the jury was

---

[6] Petitioner's state habeas application appears to argue that counsel was ineffective for failing to object to omissions from the jury charge's definition of the offense of robbery of the lower mens rea requirement of recklessness under § 29.02(a)(1) of the Texas Penal Code, and the language of § 29.02(a)(2) of the Texas Penal Code. (*See* doc. 42-41 at 50-51.) To the extent the § 2254 petition can be liberally construed to incorporate these allegations, and assuming for purposes of this motion only that counsel was deficient for failing to object to the jury charge as alleged, *Strickland* also requires a showing of prejudice. To show prejudice, Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). He offers no facts or evidence beyond conclusory allegations and speculation to demonstrate a reasonable probability that the result of his trial would have been different but for counsel's alleged deficiency. Because conclusory allegations and speculation are insufficient to establish prejudice under *Strickland*, Petitioner has not shown prejudice under *Strickland* and he has not shown that the state court's rejection of this claim was unreasonable. The claim should also be denied on this basis.

selected, and he does not provide any evidence or arguments to support his allegation that counsel did not select a racially unbiased jury. His conclusory claim therefore does not entitle him to relief. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. He has not shown that counsel rendered ineffective assistance, or that the state court's rejection of this claim was unreasonable. The claim should be denied.[7]

### F. Exculpatory Evidence

In his eighth ground, Petitioner contends that counsel was ineffective "by failing to object to prosecution withholding exculpatory and impeachment evidence favorable to accused upon request." (doc. 6 at 8; *see also* doc. 7 at 14.) He raised this claim in his state habeas application, and it was denied when the Texas Court of Criminal Appeals denied the application. (*See* doc. 42-36; doc. 42-41 at 21-22); *Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016).

Beyond conclusory allegations, Petitioner does not develop this argument and provides no evidence to show that the prosecution withheld exculpatory or impeachment evidence favorable to him.[8] Petitioner also has not asserted any valid legal basis on which counsel could have objected. Accordingly, his conclusory claim, unsupported by the record, does not entitle him to

---

[7] In his state habeas application, Petitioner contended that he was denied a trial by jury of his peers because the "prosecutor and counsel struck [sic] all Blacks and selected a racially biased jury (All White)," and that counsel was ineffective for failing to object to a biased jury. (doc. 42-41 at 20; *see also id.* at 52-53.) To the extent the § 2254 petition can be liberally construed to incorporate this allegation from his state habeas application, his claim fails. Aside from conclusory allegations, Petitioner has not shown that the jury or any juror was racially biased, and counsel is not deficient for failing to raise a meritless objection. Nor has he shown a reasonable probability that the outcome of the trial would have been different absent counsel's alleged deficiencies. He therefore has not shown that counsel was ineffective or that the state court's rejection of this claim was unreasonable, and his claim should also be denied on this basis.

[8] In his state habeas application, Petitioner contended that the prosecution withheld an "Emergency Medical Service Physician Examination" showing that the victim's injury was possibly not caused by a gun shot. (doc. 42-41 at 54.) He alleged that counsel failed to obtain and utilize this evidence at trial. (*See id.*) The record refutes Petitioner's allegations, however. It shows that the prosecution served notice on counsel that it was filing and intended to use medical records accompanied by an affidavit on February 20, 2014; the medical records show that the victim sustained gunshot wounds to his leg. (*See* doc. 42-14 at 3, 34-63.) To the extent the § 2254 petition can be liberally construed to incorporate his state habeas allegation, he has not shown that counsel was deficient for failing to raise a meritless objection unsupported by the record. He also has not shown that the state court's rejection of this claim was unreasonable. The claim should be denied on this additional basis.

relief. *See Ross*, 694 F.2d at 1011; *Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. He has not shown that the state court's rejection of this claim was unreasonable, and the claim should be denied.

## VI. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on February 16, 2018 (doc. 6), should be **DENIED** with prejudice.

**SIGNED this 11th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE