FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE FRANK JACKSON,  ID # 1931429,  Petitioner,  vs.  DIRECTOR, Texas Department of Criminal Justice, Correctional Institutions Division,  Respondent. | No. 3:18-CV-229-B-BH  Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petitioner's Written Objection to the Magistrate Report and Recommendation*, received on February 16, 2022 (doc. 51). Based on the relevant filings and applicable law, the motion should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

### I.    BACKGROUND

Willie Frank Jackson (Petitioner) filed an amended federal habeas petition under 28 U.S.C. § 2254 that was received on February 16, 2018. (*See* doc. 6.) On January 11, 2022, it was recommended that the petition be denied with prejudice. (*See* doc. 46.) The recommendation was accepted, the § 2254 petition was denied with prejudice, a certificate of appealability was denied, and judgment was entered on January 31, 2022. (*See* docs. 47, 48.) Petitioner's objections to the recommendation, dated February 7, 2022, were received on February 16, 2022. (*See* doc. 51.) He objects to the recommendation on all of his grounds for relief except the seventh ground. (*See generally id.*)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

## II.     FED. R. CIV. P. 59(e)

Because Petitioner's objection was dated and received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *accord In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (holding that prisoner's titled Rule 60(b) post-judgment motion should have been construed as a Rule 59(e) motion because it was filed within 28 days of entry of judgment).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner raises the same arguments and bases for relief to support his first, second, fourth, fifth, sixth, and ninth grounds that he raised in his § 2254 petition and in his state habeas

filings, to the extent they could be liberally construed to be incorporated into the § 2254 petition. His attempts to rehash the same arguments from his § 2254 filings do not warrant relief under Rule 59(e). *See Templet*, 367 F.3d at 479.

In addition to reasserting the same arguments as in his habeas filings, Petitioner also appears to contend that the recommendation that his third, fourth, fifth, sixth, eighth, ninth, and tenth grounds for relief be denied was erroneous because no hearing was conducted and no findings were issued during the state habeas proceedings to support the recommendation. (*See* doc. 51 at 11, 13-14, 17-18.) Where the state court's decision is a summary denial and "there is no related state-court decision providing the court's reasoning, a federal court assumes that the state court applied the proper clearly established federal law to the facts of the case and then determines whether its decision was contrary to or an objectively unreasonable application of that law." *Chadman v. Lumpkin*, No. 4:20-CV-1131-O, 2021 WL 1910043, at *3 (N.D. Tex. May 12, 2021) (citing 28 U.S.C. § 2254(d)(1); *Virgil v. Dretke,* 446 F.3d 598, 604 (5th Cir. 2006)). For the same reasons discussed in the recommendation, Petitioner failed to show that his counsel rendered ineffective assistance under *Strickland* in his third, fifth, sixth, eighth, ninth, and tenth grounds. Because he failed to show counsel was ineffective, he failed to show that the state court's rejection of the claims when it denied his state application was unreasonable. He has not shown he is entitled to Rule 59(e) relief.

Regarding his fourth ground, the recommendation noted that federal courts will not consider claims that a state indictment is insufficient to confer jurisdiction upon the trial court when the sufficiency of the indictment "was squarely presented to the highest court of the state," and it can reasonably be inferred that that court passed on the merits of the sufficiency issue. *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir. 1985) (internal quotation marks and citation

omitted). It noted that Petitioner's challenge to the sufficiency of the indictment was raised in the state habeas proceedings, and the Texas Court of Criminal Appeals denied the application. *See Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016). In so doing, the state court implicitly found the indictment sufficient, and the Court would not review that implicit finding. *See Alexander,* 775 F.2d at 598-99. Because the indictment was not defective under state law, Petitioner failed to show that counsel was ineffective for failing to challenge it, and Petitioner failed to show that the state court's rejection of the claim was unreasonable.

Citing *Garrett v. McCotter*, 807 F.2d 482, 484 (5th Cir. 1987), Petitioner contends that the Texas Court of Criminal Appeals' denial without written order of his state habeas application was not a decision on the merits, and therefore, "the federal courts must examine the indictment to determine whether they sufficiently vested jurisdiction in the state trial court." (doc. 51 at 12; *see id.* at 13.) *Garrett* does not apply to Petitioner's case, however. In *Garrett*, the Fifth Circuit held that the state court's "rejection of [the petitioner's state habeas] application as improvidently set, without more, was not a ruling on the merits." *Garrett*, 807 F.2d at 484. Petitioner's state habeas application was not rejected as improvidently set; it was denied without written order. *See Ex parte Jackson*, No. WR-18,636-08 (Tex. Crim. App. July 13, 2016). A denial without written order is a "'denial on the merits' as to all of [the petitioner's] non-procedurally-barred claims." *Register v. Thaler*, 681 F.3d 623, 626 n.8 (5th Cir. 2012). Accordingly, Petitioner's argument is without merit, and he has not shown that he is entitled to Rule 59(e) relief based on *Garrett*.

Additionally, Petitioner contends for the first time in his eighth ground "that when counsel first come [sic] into knowledge that one of sole witnesses that would have testified and contradicted the victim testimony." (doc. 51 at 17.) He does not allege any other facts or shown the availability of any new evidence that was previously unavailable to support this claim. Nor

4

has he shown that this is a substantial claim that excuses the procedural bar on federal habeas review of unexhausted claims of ineffective assistance of counsel. *See Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)); *Ibarra v. Davis*, 786 F. App'x 420, 423 (5th Cir. 2019). He is not entitled to Rule 59(e) relief on this ground.

Because Petitioner has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### III.   RECOMMENDATION

The *Petitioner's Written Objection to the Magistrate Report and Recommendation*, received on February 16, 2022 (doc. 51), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 22nd day of February, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE